UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR GOMEZ-VALDOVINOS,

　　　　　　　　　Petitioner,

　　v.

BRUCE SCOTT, *et al.*,

　　　　　　　　　Respondents.

Case No. C26-1909-MLP

ORDER

Petitioner is currently in immigration detention at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Dkt. # 1, ¶ 9.) Through counsel, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking an order from this Court staying his removal to Mexico. (*Id.*, ¶ 3.) He asserts that he has a due process right to be heard on his forthcoming motion to reopen removal proceedings and apply for asylum, and that this right would be violated if he were removed to Mexico before having that opportunity. (*Id.*, ¶¶ 4, 7.) Petitioner submitted a sworn declaration in support. (Dkt. # 1-9 at 3-7 (Spanish), 8-12 (English translation).) Respondents filed a return memorandum (dkt. # 9), along with a sworn declaration from U.S. Department of Homeland Security ("DHS") Deportation Officer Gennadiy Baz (dkt.

ORDER - 1

# 10), and an unsworn declaration from their counsel, Lawrence Van Daley (dkt. # 11). Petitioner filed a traverse in reply. (Dkt. # 12.)

Having reviewed the parties' submissions and the governing law, the Court denies the petition (dkt. # 1) as MOOT for the reasons set forth below.[1]

## I.      BACKGROUND

Petitioner is a native and citizen of Mexico who first entered the United States without inspection in 2000. (Dkt. # 1, ¶ 15.) He was apprehended by DHS and ordered removed to Mexico on May 30, 2002. (*Id.*, ¶ 16; *see* Van Daley Decl., ¶ 2, Ex. 2.) He was removed to Mexico by DHS (*see* Baz Decl., ¶ 7; Van Daley Decl., ¶ 2, Ex. 1 at 3), but re-entered the United States in June 2002 "with the assistance of a smuggler, crossing through the Altar desert near Agua Prieta" (Dkt. # 1, ¶ 17).

Petitioner asserts that, over the last several years, violence directed against him, his family, and his wife's family has escalated, including the disappearance of his brother and brother-in-law, the murder of his cousin, and the shooting of a brother-in-law. (Dkt. # 1, ¶ 18.) Following this violence, Petitioner sought legal assistance and was informed that the only available relief was to seek T Nonimmigrant Status, commonly referred to as a "T-visa."[2] (*Id.*, ¶ 19.) In reliance on that advice, Petitioner "focused exclusively on pursuing a T-visa." (*Id.*)

On May 22, 2026, during a biometrics appointment for his T-visa, ICE determined that Petitioner had a final order of removal. (Dkt. # 1, ¶ 20; *see* Van Daley Decl., ¶ 2, Ex. 1 at 2.) He was taken into custody and booked into the NWIPC later that day. (Baz Decl., ¶ 8.)

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 5.)

[2] *See* U.S. Citizenship and Immigration Services, "Victims of Human Trafficking: T Nonimmigrant Status," https://www.uscis.gov/humanitarian/victims-of-human-trafficking-t-nonimmigrant-status (last visited June 25, 2026).

ORDER - 2

Through his current counsel, Petitioner filed a motion to reopen immigration proceedings (to apply for asylum), as well as an emergency motion to stay his removal. The immigration court denied both motions on the merits after Petitioner filed the instant petition. (Dkt. # 1, ¶ 21; *see* Baz Decl., ¶¶ 9-10; dkt. # 12 at 3 n.1.)

Petitioner acknowledges in his reply that his motions were denied (*see* dkt. # 12 at 3 n.1), but maintains his request for a stay of removal in order to pursue his application for a T-visa (*see id.* at 3-4).

## II.  LEGAL STANDARD

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). There is no case or controversy, "and a suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

## III.  DISCUSSION

It is apparent that Petitioner filed the instant petition out of concern that he would be removed before having a meaningful opportunity to litigate his motions before the immigration court. (*See* dkt. # 1, ¶ 34.) That concern did not materialize, as his motions were adjudicated during the pendency of this case. Accordingly, this case no longer presents a live controversy that this Court can redress.

As Petitioner concedes, he is not challenging his removal order. (Dkt. # 1, ¶ 3.) And as Respondents note (a point Petitioner does not address in reply), he is not challenging the lawfulness of his current detention. (Dkt. # 9 at 5.) The sole relief Petitioner sought was the opportunity "to be heard on his pending motion to reopen to apply for asylum and withholding of

ORDER - 3

removal[.]" (Dkt. #1, ¶ 3; *see also id.* at 15-16.) The petition does not request relief beyond that opportunity, such as a stay of removal to pursue an appeal if his motion(s) were denied, as they ultimately were here. (*See* dkt. # 1 at 15-16 (requested relief).) Indeed, it does not appear Petitioner contemplated that outcome because, as of June 22, 2026, he was only "discussing an appeal" of the denials. (*See* dkt. # 12 at 3, n.1.)

In reply, Petitioner acknowledges that his motions were denied (*i.e.*, that he *was* afforded the opportunity to have them adjudicated prior to removal), but attempts to expand the scope of his requested stay of removal by focusing on his pending T-visa application. (*See* dkt. # 12 at 2 ("Absent relief from this Court, [Petitioner] faces removal before he can obtain meaningful review of both his motion to reopen *and* his pending T-visa.") (emphasis in original).) In support, Petitioner cites *Immigration Ctr. for Women & Children v. Noem*, 2026 WL 1455004 (C.D. Cal. May 20, 2026) ("*ICWC*"), which he characterizes as having "granted nationwide preliminary relief protecting individuals with pending T-visa . . . applications from immigration enforcement actions[.]" (*Id.*)

However, Petitioner did not request any relief related to his pending T-visa application in his petition, and "district court[s] need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see FT Travel—New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) ("Courts decline to consider arguments that are raised for the first time in reply.") (collecting cases). Rather, Petitioner focused exclusively on his motion to reopen to apply for asylum and his accompanying motion to stay removal to facilitate that application. (*See* Dkt. # 1, ¶¶ 4 ("Here, [Petitioner's] Habeas Petition and related requests are based on a due process right to be heard on his pending his [*sic*] motion to reopen to apply for asylum and withholding of removal based on changed country

ORDER - 4

conditions[.]"), 7 ("[I]f [Petitioner] is removed to Mexico, it would become near impossible for him to litigate his motion to reopen[.]"), 21 ("In addition to preparing the asylum application, undersigned counsel's firm is simultaneously submitting a motion to reopen [Petitioner's] proceedings to pursue asylum, along with an emergency motion to stay [his] removal."), 34 ("[I]f [Petitioner] is removed from the United States while his motion to reopen is pending, he will be deprived of his constitutional right 'to be heard'.").

By contrast, Petitioner makes only a passing reference to his T-visa application in the "Facts" section of his petition. (*See* dkt. # 1, ¶ 19 (explaining Petitioner's pursuit of a T-visa at the advice of prior counsel).)

Even if Petitioner had requested relief related to his pending T-visa, and even if the Court were to reach the merits of his argument under *ICWC*, the record contains scant evidence of his T-visa application beyond his assertion that prior counsel filed one. Petitioner further asserts that this same counsel was so "ineffective" that her performance formed one of the bases for his motion to reopen removal proceedings. (*See* dkt. # 1, ¶ 21 n.1.) The record contains no independent evidence that a T-visa application was in fact filed or remains pending with U.S. Citizenship and Immigration Services. Thus, even if the issue were properly briefed, the Court would be reluctant to address the merits of Petitioner's argument under *ICWC* without first establishing the necessary predicate of a pending application. *ICWC*, 2026 WL 1455004, at *23 ("Thus, the Pending Petition Class consists of *those who have applied* for a victim-based benefit and whom ICE has "detained or seeks to detain.") (emphasis added). That predicate is not satisfied on this undeveloped evidentiary record.

Moreover, although Petitioner may fall within one of the classes defined in *ICWC*, he does not expressly assert membership—a notable omission given that *ICWC* involved three

ORDER - 5

separate classes: the "Pending Petition Class," the "Deferred Action Class," and the "Stay of Removal Class." *ICWC*, 2026 WL 1455004, at *27. Instead, Petitioner appears to rely on *ICWC* primarily to support his request for injunctive relief by attempting to show a threat of imminent injury—an issue that is now moot. (*See* dkt. # 12 at 2 ("*ICWC* . . . reflects judicial recognition that the pendency of trafficking victim's and other survivor-based applications is a significant equitable consideration in instances where, as here, removal is imminent.").) Absent a more fully developed argument, and without affording Respondents an opportunity to respond, the Court will not infer Petitioner's class membership or otherwise determine what, if any, relief might be supported by *ICWC*.

For these reasons, the Court declines to address Petitioner's arguments regarding his T-visa and *ICWC*, which were raised for the first time in reply.

Given the limited relief sought in the petition, and the subsequent record showing that Petitioner received that relief, there is no longer a live case or controversy to "be redressed by success on the petition." *See Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). The petition (dkt. # 1) is therefore denied as moot.

### IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS: Petitioner's petition for writ of habeas corpus (dkt. # 1) is denied as MOOT.

Dated this 25th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6